PUERTO RICO REAL ESTATE CORPORATION, Petitioner, *v.*
PUERTO RICO PLANNING BOARD, Respondent.

No. 31.   Argued February 25, 1953.—Decided March 19, 1953.

*Rodríguez Ema & Rodríguez Ramón* for petitioner.   *Rafael R. Fuertes* and *A. Sandín del Manzano* for respondent.

MR. CHIEF JUSTICE SNYDER delivered the opinion of the Court.

On June 16, 1952 the Planning Board approved a petition filed by the Puerto Rico Real Estate Corporation for subdivision of a particular piece of land, subject to certain conditions.   A certified copy of the decision was mailed to the corporation by the Board on *June 27, 1952* and was received by the corporation, according to the latter, on *July 1, 1952*.   The corporation filed with the Board on *July 15, 1952* a motion for reconsideration, requesting elimination of

the said conditions.[1] Subsequently, the Board denied the motion for reconsideration on two grounds: (1) it was filed out of time; (2) in any event, it had no merit.

The corporation filed a petition for review of the decision of the Board by this Court. The Board thereupon filed the motion which is now before us praying that we refuse to issue the writ of review for lack of jurisdiction. The position of the Board is that the motion for reconsideration was not filed within the fifteen-day requirement found in § 26 of Act No. 213, Laws of Puerto Rico, 1942, as amended by Act No. 434, Laws of Puerto Rico, 1951.[2]

■ Under the terms of § 26, we have no power to review a decision of the Board unless the aggrieved party has moved for reconsideration thereof within 15 days and the Board has denied the motion. *Heirs of García* v. *Planning Board*, 70 P.R.R. 692. The problem here is to determine when the 15 days begin to run.

■ The Board contends first that the time begins to run from the date of the decision, and not from the date of notification. The Board argues that if the Legislature had meant to provide that notification was the event which started the fifteen-day period for reconsideration running, it would

---

[1] The Board contends that the copy of the decision was mailed to the corporation on June 26 and that the motion for reconsideration was filed with it on July 16. However, the documents filed with us by the corporation show that these two acts took place on June 27 and July 15, respectively.

[2] Section 26, as amended, reads in part as follows: "Any party directly interested in the issuance or refusal of a building, sanitary, building or land-use permit, or in the actions, resolutions, approvals, refusals and disapprovals regarding subdivision cases or plans, against which a petition for reconsideration has been requested of the Puerto Rico Planning Board within the term of fifteen (15) days and on which a resolution and decision has been entered thereon by the Board, as the case may be, may present within the term of fifteen (15) days on and after the date of notification of such resolution or decision of the Board, certified copies of any such resolutions or decisions for review before the Supreme Court of Puerto Rico; *Provided,* That said review before the Supreme Court, which has exclusive jurisdiction to review said resolutions or decisions, may be granted and shall be limited exclusively to questions of law."

have said so in the same clear manner that it required a party to seek review in this Court of decisions of the Board within 15 days "on and after the date of notification of such resolution or decision of the Board . . . ".

It must be conceded that the silence of § 26 on this question creates a problem. But in the absence of a clear expression to that effect, we are unable to impute to the Legislature the intention to establish the rule that the decision itself starts the time running, irrespective of notification. Such a rule could easily result in the loss of the right to move for reconsideration, and consequently of the right of review by this Court, before the petitioner had even received the notification of the original decision. Indeed, the facts of this very case illustrate that danger: the decision was rendered on June 16, was mailed on June 27, and was received by the corporation on July 1.

Moreover, both the Legislature and the Board recognized the necessity for notification. Section 18 of Act No. 213 of 1942, as amended by Act No. 388, Laws of Puerto Rico, 1950, provides in part that "The Board shall send to all interested officials or individuals certified copies of all resolutions adopted by the Board which concern such officials or individuals." And § 17 of Planning Regulation No. 1, after repeating this provision, requires the parties to submit their exact addresses to the Board and states that failure to do so will "relieve the Board of the notification . . . ". We are therefore of the view that under all the circumstances the fifteen-day period to move for reconsideration does not begin to run until notification of the parties involved. *Cf. Heirs of García* v. *Planning Board, supra,* p. 695, footnote 2.

■ There remains the problem of deciding what constitutes notification under the Planning Act. The Board, relying on *Rodríguez* v. *Fonalledas,* 71 P.R.R. 783, contends that notification must be considered as completed by deposit in the mails, which took place here on June 27. But we

pointed out in *Caparra Country Club* v. *Planning Board,* *ante,* p. 69, that the *Fonalledas* case was governed by § 322 of the Code of Civil Procedure and that the said Code is not applicable where as here we have a special statute establishing specifically the procedure for review by the courts of the action of a particular administrative agency. We therefore cannot apply § 322 of the Code of Civil Procedure to the notification required by § 26 of the Planning Act in connection with motions for reconsideration by the Board.[3]

We reach the same result with reference to Rule 6(e) of the Rules of Civil Procedure.[4] Rule 81 provides that the Rules shall be applicable to certain types of proceedings, among which the present proceeding obviously is not included. See *Vigio* v. *Cartagena,* 70 P.R.R. 566; *F. Rodríguez Hnos. &. Co.* v. *Aboy,* 66 P.R.R. 498, 515. Rule 6(e) therefore does not apply here.

But we are still faced with the problem of determining the effect of mailing the notification under § 26 of the Planning Act. In the *Caparra Country Club* case we found specific provisions in the Planning Act and the Regulations relating to the problem of notifying the parties or their counsel. But here § 26 and the Regulations are both silent on the narrow question of when notification by mail

---

[3] Section 322 reads as follows: "In case of service by mail, the notice or other paper must be deposited in the post-office, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. The service is complete at the time of the deposit; but if within a given number of days after such service, a right may be exercised, or an act is to be done by the adverse party, the time within which such right may be exercised or act be done, is extended one day for every twenty-five miles distance between the place of deposit and the place of address; such extension, however, not to exceed thirty days in all."

[4] Rule 6(e) reads as follows: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

becomes effective. The Legislature could have taken care of this contingency by inserting in § 26 a provision similar to either § 322 of the Code of Civil Procedure or to Rule 6(e). It failed to do so. The Board in its Regulations likewise could have, but as yet has not, adopted this approach. In the absence of such a statute or regulation, we are constrained to hold that the time begins to run from the date of receipt of the notification. We are aware that this creates some uncertainty as to the date from which the fifteen-day period is counted. But the Legislature by statute or the Board by regulation has the remedy at hand.

As noted above, the corporation states without contradiction that the notice, mailed to it on June 27, was received by it on July 1. The motion for reconsideration, filed on July 15, was therefore timely.

The motion of the Board praying that we deny the petition for review filed by the corporation will be overruled.